AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): Darren Alonzo Lewis | Docket or Case No.: 1:22-cv-00760 SKO (HC) |
|---|---|

| Place of Confinement: (SATF)-Corcoran II/State Prison | Prisoner No.: AS3581 |
|---|---|

| Petitioner (include the name under which you were convicted) Darren Alonozo Lewis | v. | Respondent (authorized person having custody of petitioner) Theresa Cisneros, Warden |
|---|---|---|

The Attorney General of the State of: **California**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Kern County Superior Court, Metropolitan Division, 1415 Truxtun Avenue, Bakersfield, California. 93301-4172

    (b) Criminal docket or case number (if you know): **BF150498A**

2. (a) Date of the judgment of conviction (if you know): **1/09/2014**

    (b) Date of sentencing: **1/09/2014**

3. Length of sentence: **(21)-years**

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: **Manslaughter (California Penal Code § 192, subd.(a)); Firearm Enhancement (California Penal Code § 12022.5, subd.(a)).**

6. (a) What was your plea? (Check one)

    ☐ (1) Not guilty    ☒ (3) Nolo contendere (no contest)

    ☐ (2) Guilty         ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **Plea Guilty To Manslaughter and a Firearm Enhancement. The First Degree Murder, and Possession of a Firearm, were dismissed as part of a plea agreement.**

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury  ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: **Court of Appeal, Fifth Appellate District**

(b) Docket or case number (if you know): **F081413**

(c) Result: **Conviction Affirmed**

(d) Date of result (if you know): **June 09, 2021**

(e) Citation to the case (if you know): **People v. Lewis**

(f) Grounds raised: **Superior Court Erred in denying Appellant's request to strike the gun enhancement and request for a hearing. Full Retroactivity is required under the United States and California Constitution's Equal Protection Clauses.**

(g) Did you seek further review by a higher state court?  ☒ Yes  ☐ No

If yes, answer the following:

(1) Name of court: **California Supreme Court**

(2) Docket or case number (if you know):

(3) Result: **Petition for Review Denied**

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: **Same as those raised in the Court of Appeal**

_____

_____

_____

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

_____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☐ No

    (7) Result: _____

AO 241 (Rev. 09/17)

    (8) Date of result (if you know): _____

  (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

  (c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☐ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: **Full Retroactivity of Ameliorative Statutes Avoids Unconstitutional Discrimination Between Prisoners.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Both Legislative intent and Constitutional Guarantees require that the amendments to (California Penal Code § 12022.53) as enacted by Senate Bill 620 be applied fully retroactively, regardless of a case's finality on appeal.**

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

Page 6 of 16

(A). FACTUAL AND PROCEDURAL HISTORY OF THE CASE:

(1). On November 23, 2012, at the age of (24), Defendant, Darren Lewis (Lewis) fatally shot his half brother. Lewis who is black, sustained a serious head injury in (2004) as a teenager and continues to suffer from epilepsy and hears voices. On September 13, 2013, a two-count information was filed in Kern County Superior Court. (CT. 8, 19). Count one alleged that Lewis murdered his brother in violation of California Penal Code § 187, subd.(a) with an enhancement for personal use of a firearm under California Penal Code § 12022.53, subd.(d). Count two alleged Lewis was a convicted felon who possessed a laoded firearm in violation of California Penal Code § 12031, subd.(a).

(2). Lewis was offered a plea bargain of pleading to voluntary manslaughter in violation of California Penal Code § 192, subd.(a) with a personal use of a firearm enhancement pursuant to California Penal Code § 12022.5, subd.(a) in exchange for a stipulated sentence of (21)-years.

(3). On June 16, 2020, Lewis filed in the trial court a petition to modify his sentence and dismiss the firearm enhancement based on California Senate Bill No. 620. The trial court denied the petition on the ground that Lewis was ineligible for resentencing. Lewis filed an appeal alleging that the court denied his state and federal constitutional rights to due process and equal protection and that Senate Bill No. 620 should apply retroactively.

(B). SENATE BILL NUMBER 620 WAS INTENDED TO BE FULLY RETROACTIVE:

(4). It is well accepted that absent a saving clause, a criminal defendant is entitled to the benefit of a change in the law if his conviction was not yet final on the date the change went into effect. See (People v. Babylon(1985) 39 Cal.3d 719, 722). Here, the amended statute does not simply omit a savings clause, but includes language indicating an affirmative intent that the statute apply retroactively, including to cases that are already final. Subdivision (h) of the California Penal Code § 12022.53, enacted by Senate Bill No. 620, states:

> The court may, in the interest of justice pursuant to Section 1385 at the time of sentencing, strike or Dismiss an enhance-
> ment otherwise required to be imposed by this section. The authority provided by the subdivision applies to any resentencing that may occur pursuant to any other law.

(California Penal Code § 12022.53, subd.(h)(emphasis added).

(5). Logically speaking, "any resentencing" would include resentencing in cases already final, such as, for example when a federal court overturns a

California conviction on constitutional grounds years after finality of the conviction on direct review.

(6). As noted, the express language of the statute-applying to any resentencing, including resentencing that may occur after the original judgment has become final--indicates that the amendment should apply retroactively to Lewis.

(C). FULL RETROACTIVITY OF AMELIORATIVE STATUTES AVOIDS UNCONSTITUTIONAL DISCRIMINATION BETWEEN PRISONERS:

(7). Not only does the legislative history indicate an intent that the amendments apply retroactively, constructional guarantee demand retroactivity. Failure to extend California Senate Bill Number 620 to final cases violates the equal protection clauses of the Fourteenth Amendment and Article I § 7 of the California constitution absent a rational relationship between that differential treatment and some legitimate governmental purpose. See (Heller v. Doe(1993) 509 U.S. 312, 320)(United States Constitution); (People v. Chairman(2018) 4 Cal.5th 277, 289) (California Constitution).

(8). Here, failure to apply California Senate Bill Number 620 retroactively to final cases creates two classes of defendants, who are indistinguishable for (SB-620) purposes, but are treated differently based only on their success on post-conviction review. Indeed, those defendants whose otherwise final judgments are reversed on appeal, after petitioning for certiorari, or on state or federal collateral review, would get the benefit of the new law regardless of how minor or unrelated the bases of reversal is to the firearm enhancement. In contrast, those whose judgment is not reversed such as Lewis, would not get the benefit of the new law even if the facts of the case presented a compelling case for discretionary striking of the enhancement.

(9). Given the Legislature's goal here of reducing prison population, imprisonment costs, and racial disparities in imprisonment, there is no legitimate public purpose for distinguishing these two classes of offenders.

(10). The failure to apply (SB-620) fully retroactively treats Lewis differently from other similarly situated who can take advantage of (SB-620) and thus results in gross disproportionality in sentencing to the extent that Lewis would have qualified for the elimination of an additional (10)-years enhancement to his prison sentence. Lewis is not only treated differently from those whose

cases are not yet final, but he is treated differently from those whose post-final convictions are overturned. Such disparate treatment requires justification. (11). Proportionality in sentencing is a matter of constitutional importance. See (Solem v. Helm(1983) 463 U.S. 77, 289-290)("a single day in prison may be unconstitutional"). The Eighth Amendment to the United States Constitution that prohibits cruel and unusual punishment "reaffirms the duty of the government to respect the dignity of all persons." See (Moore v. Texas(2017) ___ U.S. ___, 137 S.Ct. 1039, 1048). To enforce the Constitution's protection of human dignity, courts must "look to the evolving standards of decency that mark the progress of a maturing society recognizing that the Eighth Amendment is not fastened to the obsolete." (Id., quoting (Hall v. Florida(2014) 572 U.S. 701, 708).
(12). Mandatory penalties, by their nature, preclude a sentencer from taking account of an offender's age and wealth of characteristics and circumstances attendant to it. See (Miller v. Alabama(2012) 567 U.S. 460, 476)(mandated life without possibility of parole sentence for minors of murder unconstitutional.
(13). Equal protection requires that "classification between those to whom the state accords and withholds substantial benefits must be related to a legitimate public purpose. See (McGinnis v. Royster(1973) 410 U.S. 263, 270)(whether classification "rationally furthers legitimate articulated state purpose"). Classifying those of felonies based on whether and when they filed an appeal from their sentences, and whether that appeal has concluded, satisfies no legitimate public purpose,

AO 241 (Rev. 09/17)

(c)  Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____
_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____
_____
_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   _____

   _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   _____

   _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

   _____

   _____

   _____

   _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

   _____

   _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: **Brian Foltz**

    (b) At arraignment and plea: **Brian Foltz**

    (c) At trial: **Brian Foltz**

    (d) At sentencing: **Brian Foltz**

    (e) On appeal: **Robert F. Kane, 870 Market Street, Suite 1128, San Francisco, California. 94102.**

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

    **This Petition is Timely**

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: __(1). Issue an Order to Show Cause; (2)__
__If Necessary Order an Evidentiary Hearing; and__

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __June 15, 2022__ (month, date, year).

Executed (signed) on __6/15/2022__ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## PROOF OF SERVICE BY MAIL

I, Darren Alonzo Lewis, am a resident of the State of California, am over the age of eighteen years and am a party to the above-entitled action. My address is listed below.

On June 15, 2022, I served the following documents:

1). Federal Petition For Writ of Habeas Corpus, 28 U.S.C. § 2254

2). _____

By placing a true and correct copy thereof enclosed in a sealed envelope, with First Class Postage thereon fully prepaid, in the United States Mail by hand delivering to prison officials for processing through the Institution's internal legal mail system at (SATF)-State Prison, Corcoran, California, addressed as follows:

United States District Court
Eastern District of California
Office of the Clerk
510 19th Street,
Bakersfield, California.
93301

Office of the Attorney General
P.O. Box. 944255
Sacramento, California.
94244-2550

I, declare under penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct. Executed in the County of Kings, California on June 15, 2022.

Signature of Declarant: _Darren Lewis_

Darren Alonzo Lewis
[Type/Print Name of Sender]

AS3581        A3
[CDCR#]     [Housing Location]

California Substance Abuse Treatment
Facility and State Prison
P.O. Box 5248
Corcoran, California. 93212

Pursuant to the holding of the United States Supreme Court in (Houston v. Lack (1988) 487 U.S. 266); and the holdings of the California Supreme Court in (In re Jordan (1992) 4 Cal.4th 116, 119), Inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's Internal legal mail process.

CSATF/State Prison At Corcoran
Po box 5248
Corcoran, Ca 93212
Darren Lewis A53584
A2-14-2c

United States District Court
Eastern District of California
Office of the Clerk
510 19th St
Bakersfield, Ca
93301