UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN ALONZO LEWIS, </br></br>  Petitioner, </br></br> v. </br></br> THERESA CISNEROS, Warden, </br></br>  Respondent. | Case No.: 1:22-cv-00760-SKO (HC) </br></br> ORDER TO ASSIGN DISTRICT JUDGE TO CASE </br></br> FINDINGS AND RECOMMENDATION TO DISMISS PETITION </br></br> [THIRTY DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving a sentence of 21 years for his conviction in Kern County. In this petition, Petitioner challenges a state court determination that he is not entitled to resentencing pursuant to California Senate Bill 620. Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief. Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

I.  PROCEDURAL BACKGROUND

On January 9, 2014, Petitioner pled no contest in Kern County Superior Court to a charge of voluntary manslaughter (Cal. Penal Code § 192(a)) and admitted a firearm enhancement (Cal. Penal

1

Code § 12022.5(a)). People v. Lewis, 2015 WL 3955207, at *1 (Cal. Ct. App. June 26, 2015). Petitioner was sentenced to the agreed-upon term of 21 years. Id. Appellate counsel thereafter filed a brief pursuant to People v. Wende, 25 Cal.3d 436 (1979), asserting he did not identify any arguable issues in the case. Id. On June 26, 2015, judgment was affirmed. Id. Petitioner did not petition for review to the California Supreme Court and judgment became final on July 26, 2015. See Cal. Rules of Court 8.264.

On October 11, 2017, the California Governor approved Senate Bill 620 which amended California Penal Code §§ 12022.5 and 12022.53 and allowed trial courts at the time of sentencing to strike or dismiss a firearms enhancement "in the interest of justice." Senate Bill No. 620; see Cal. Pen. Code §§ 12022.5(c), 12022.53(h). The law became effective on January 1, 2018. Id.

On June 16, 2020, Petitioner filed in the trial court a petition to modify his sentence and dismiss the firearm enhancement based on Senate Bill No. 620. The trial court denied the petition finding Petitioner ineligible for resentencing. People v. Lewis, 2021 WL 2351174, at *1 (Cal. Ct. App. June 9, 2021). Petitioner appealed, and the California Court of Appeal, Fifth Appellate District, dismissed the appeal. Id. Petitioner then petitioned for review in the California Supreme Court, and review was denied on August 25, 2021.

On June 21, 2022, Petitioner filed the instant federal petition in this Court.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

/////

/////

B. **Failure to State a Cognizable Federal Claim**

The petition fails to state a cognizable habeas claim. Petitioner claims he should be resentenced based on recent changes to the California Penal Code pursuant to Senate Bill No. 620. Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

Petitioner claims California Senate Bill No. 620 should apply to his case retroactively. Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.") Petitioner fails to state a cognizable federal habeas claim and the petition should be dismissed, because the California state courts have, in applying the state law at issue here - Senate Bill 620 - determined Petitioner is not eligible for state law relief. Petitioner seeks to challenge the California state courts' interpretation and application of California state law, but this Court has no authority in habeas to address such a challenge.

Even if Petitioner stated a cognizable claim for relief, relief is not available to him. In several unpublished decisions, the California appellate courts have held that Senate Bill No. 620 applies

retroactively only to judgments in criminal cases that were not final as of the Bill's effective date of January 1, 2018.  See, e.g., People v. Lewis, 2018 WL 1354753, at *8 (Mar. 16, 2018); People v. Crockett, 2018 WL 914883, at *12 (Feb. 16, 2018); People v. Wilson, 2018 WL 4560933, at *1 (Sept. 24, 2018).  The California Court of Appeal affirmed Petitioner's conviction on June 26, 2015, and the judgment became final on July 26, 2015, well before January 1, 2018.  Accordingly, Petitioner would not be entitled to retroactive application of Senate Bill 620.

### III.   ORDER

IT IS HEREBY ORDERED that the Clerk of Court is **DIRECTED** to assign a District Judge to the case.

### IV.   RECOMMENDATION

The Court HEREBY RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court, and such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 24, 2022**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE